PROB 12C
(6/16)

Report Date: September 24, 2020

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2020

SEAN F. McAVOY, CLERK

Name of Offender: Jerome Tom Moses                    Case Number: 0980 1:14CR02033-SMJ-3

Address of Offender: ▓

Name of Sentencing Judicial Officer:  The Honorable Salvador Mendoza, Jr., U.S. District Judge

Date of Original Sentence: March 11, 2015

| | | |
|---|---|---|
| Original Offense: | Assault Resulting in Serious Bodily Injury and Aiding and Abetting, 18 U.S.C. §§ 113 (a)(6), 1153, and 2 | |
| Original Sentence: | Prison - 60 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: August 3, 2020 |
| Defense Attorney: | Federal Defenders | Date Supervision Expires: August 2, 2023 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number     Nature of Noncompliance

1    **Standard Condition #2**: The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

**Supporting Evidence**: Mr. Moses is alleged to have violated his conditions of supervised release by failing to report to the probation officer as directed on August 14, and September 3, 2020.

Per COVID-19 procedures, Mr. Moses' conditions of supervised release were verbally reviewed with him on August 3, 2020. He verbally acknowledged an understanding of his conditions, which includes standard condition number 2, as noted above.

On August 10, 2020, contact was made with the offender. Mr. Moses was provided verbal instructions to report back by telephone to the undersigned officer on August 14, 2020, which he failed to do.

On September 3, 2020, the undersigned officer attempted to contact Mr. Moses via telephone, discovering the phone number was no longer in service. Staff at the Quality Inn motel in Union Gap, Washington, reported the offender and his relative had vacated the

Prob12C
Re: Moses, Jerome Tom
September 24, 2020
Page 2

property on an earlier date. Staff at the motel was unable to provide any additional information.

On this date, using the Google Duo application, a video message was sent to Mr. Moses' account instructing the offender to report by the end of the day, which he did not do. Washington State Department of Corrections (DOC) was contacted and they also reported the offender has not maintained contact with their department.

As of the writing of this report, Mr. Moses' whereabouts is unknown to DOC and federal probation departments.

2 **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: Mr. Moses is alleged to have violated his conditions of supervised release by failing to report a change in residence on or before September 10, 2020.

Per COVID-19 procedures, Mr. Moses' conditions of supervised release were verbally reviewed with him on August 3, 2020. He verbally acknowledged an understanding of his conditions, which includes standard condition number 6, as noted above.

On August 10, 2020, Mr. Moses reported staying 2 days at an unapproved residence at 110 Nukshay Drive, Wapato, Washington. The undersigned officer reminded the offender of his conditions of supervised release, which included living at an approved residence. Mr. Moses provided the address, but declined to have the address investigated as he intended to return to the Quality Inn motel in Union Gap, Washington.

On September 3, 2020, while attempting to conduct follow up with Mr. Moses, the undersigned officer was informed Mr. Moses and his relative were no longer occupying the approved residence. The undersigned officer was unable to verify what date the offender vacated the residence.

On September 10, 2020, the undersigned officer again attempted to contact Mr. Moses by telephone, which remained out of service. As of the writing of this report, Mr. Moses' living arrangements are unknown.

3 **Special Condition #18**: Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. Defendant shall contribute to the cost of treatment according to Defendant's ability to pay. Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Moses is alleged to have violated his conditions of supervised release by failing to complete a drug and alcohol evaluation as directed on August 10, 2020.

Per COVID-19 procedures, Mr. Moses' conditions of supervised release were verbally reviewed with him on August 3, 2020. He verbally acknowledged an understanding of his conditions, which includes special condition number 18, as noted above.

Prob12C
**Re: Moses, Jerome Tom**
**September 24, 2020**
**Page 3**

On August 3, 2020, Mr. Moses was instructed by the undersigned officer to complete a drug and alcohol evaluation with the Yakama Nation's Tiinawit program, which he failed to do. As noted in alleged violation number 1, the offender has not made himself available for supervision and a drug and alcohol evaluation has not been completed.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   September 24, 2020

s/Nick Bazan

Nick Bazan
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

09/25/2020
Date